# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

DAWN MARIE DEPEDRO, ET AL

VERSUS

STATE OF LOUISIANA, THROUGH
THE DEPARTMENT OF
TRANSPORTATION AND
DEVELOPMENT

NO.  2022 CW 1028

**DECEMBER 28, 2022**

---

In Re:   The State of Louisiana, through the Department of Transportation and Development ("DOTD"), applying for supervisory writs, 23rd Judicial District Court, Parish of Ascension, No. 127022.

---

**BEFORE:   McDONALD, HOLDRIDGE, AND WOLFE, JJ.**

**WRIT DENIED.**   The State of Louisiana, through the Department of Transportation and Development ("DOTD") unquestionably had a duty to provide a highway that was not unreasonably dangerous.   Duty is a legal question and does not involve the actions of the plaintiff.   Expert testimony offered in the motion and opposition differed on this issue. However, the larger and more difficult issue is whether the duty of the DOTD extends to cover the injury to the plaintiff in this case. This is a scope of duty question.   The extent of protection owed a particular plaintiff depends on the particular facts and circumstances of the case and is determined on a case-by-case basis to avoid making the defendant the insurer of all persons against all harms.   See **Doe v. McKesson**, 2021-00929 (La. 3/25/22), 339 So.3d 524.   In this case, there are genuine issues of material fact as to whether the plaintiff's actions are covered in the defendant's scope of duty.   These issues of fact preclude this court from determining whether the defendant's conduct foreseeably resulted in the plaintiff being injured or whether the plaintiff's conduct was outside of the scope of duty owed by the defendant and was the sole cause of his injury. Therefore, summary judgment is not appropriate.   Since duty (scope of duty) and unreasonable risk of harm were the only issues raised in the defendant's motion for summary judgment, this court is prohibited from addressing any issues that were not raised in the motion. See La. Code Civ. P. art. 966(F).

**JMM**
**GH**
**EW**

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT